UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KENO LARSON,

    Plaintiff,

v.

STATE OF MINNESOTA,
HENNEPIN COUNTY,

    Defendants.

Civil No. 05-817 (DSD/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be

In this case, Plaintiff's complaint does not include any substantive allegations of any kind. The complaint was submitted on a pleading form that prompted Plaintiff to "[b]riefly state the legal claim or reason for filing this action/suit," but that section of the form has been left completely blank. Furthermore, there is nothing else in Plaintiff's pleading that sheds any light on the factual and legal bases for this lawsuit.

Plaintiff's complaint plainly fails to state any cause of action on which relief can be granted, because it does not include any facts that would support any actionable claim against either of the named Defendants. While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's complaint is fatally defective because it does not explain what the named Defendants allegedly did (or failed to do) that might give rise to a claim that could be litigated in federal court.

Furthermore, Plaintiff's complaint does not describe any legal basis for any claim.

---

granted" (§ 1915(e)(2)(B)(ii)). With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

Plaintiff has not identified, (and the Court cannot independently discern), any statute, legal doctrine, or legal theory that would support any actionable claim for relief. For this additional reason, the complaint fails to state any viable cause of action against the named Defendants.[2]

Finally, the Court notes that Plaintiff has not explained what he is attempting to accomplish in this action. He has not asked for a judgment of any kind, and his complaint does not otherwise indicate what type of relief he may be seeking.

Because of the substantial pleading deficiencies described above, the Court concludes that Plaintiff's complaint fails to state any legally cognizable claim for relief. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] The Court also notes that Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment, which prohibits individuals from suing states in federal court, unless the state has consented to being sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff's complaint includes no allegations suggesting that the State of Minnesota has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate the State's constitutional immunity from being sued in federal court.

3

Dated: April 27, 2005

    <u>s/ Susan Richard Nelson</u>
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 13, 2005,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.