UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-817(DSD/SRN)

Keno C. Larson,

      Plaintiff,

v.                                          **ORDER**

State of Minnesota,
Hennepin County,

      Defendants.

This matter is before the court upon plaintiff's objection to Magistrate Judge Susan R. Nelson's report and recommendation, dated April 27, 2005. In her report, the magistrate judge concluded that this action should be dismissed because plaintiff has failed to state a claim upon which relief may be granted.

The court reviews the findings and recommendations of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C). Plaintiff's objection sheds a great deal more light on the nature of his claims than his complaint did. Plaintiff was involuntarily committed to state custody as mentally ill and dangerous under Minnesota law. See In re Keno Larson, 1998 WL 88601 (Minn. Ct. App. Mar. 3, 1998). Plaintiff states that he is suing the State of Minnesota and Hennepin County for the sum of $800,000 plus freedom from confinement. He alleges that he has suffered deprivations of his First Amendment right to free exercise of religion, his Fifth and Fourteenth Amendment rights to due process of law, his Fifth

Amendment right against double jeopardy and his Eighth Amendment right against cruel and unusual punishment.

Although the court now possesses a better understanding of plaintiff's claims, it is still unable grant him relief. Insofar as plaintiff seeks damages from the state for deprivations of his constitutional rights, his claim is barred by the Eleventh Amendment. See Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989). Insofar as plaintiff seeks those same damages from Hennepin County, he has failed to plead any facts to show that his rights were violated pursuant to a policy, practice or custom of the County. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658 (1978). Finally, insofar as plaintiff seeks to challenge the fact or duration of his confinement, he may not do so in a civil action. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (citing Heck v. Humphrey, 512 U.S. 477 (1994)). Rather, assuming he has first exhausted his remedies in the state courts, plaintiff must seek such relief in habeas corpus proceedings pursuant to 28 U.S.C. § 2254. See id.

Therefore, following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application for leave to proceed in forma pauperis [Doc. No. 2] is denied.

2. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 10, 2005

                                          s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court